IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No.: 1:23-cr-00069-CKK |
| Complainant | |
| | **DEFENDANT ISAAC ANTHONY THOMAS' MOTION TO MODIFY THE TERMS OF PRE-TRIAL RELEASE** |
| -v- | |
| **ISAAC ANTHONY THOMAS,** | |
| Defendant. | |

Defendant Isaac Anthony Thomas hereby moves the Court to order an alteration to the terms of his pre-trial release, consisting of Defendant being permitted to relocate his residence to Texas, which he has already been required to do for emergency financial reasons to avoid imminent homelessness. He was required to drive to Texas for emergency shelter. Thomas has kept the Pretrial Services Officer informed of these details and circumstances at length since the last court hearing.

Thomas' move, of which he gave notice, complies with the terms of the Court's terms for release from pre-trial detention. The form Order Setting Conditions of Release filled out for this case, filed at ECF Dkt. 9 on February 7, 2023, states on page 3, section "(t)" –

> *[The defendant must]*
>
> * * *
>
> **Notify Pretrial Services in advance of all travel outside the Eastern District of Michigan.  The defendant must obtain the permission of the Court to travel outside the continental United States.  Comply with all rules and regulations of the Eastern District of Michigan.**

1

Thomas did notify Pretrial Services through Andrea Jarois. No travel outside the United States is contemplated. Ms. Jarois responded that she consulted with the Pretrial Services Officer in Washington, D.C. They had no objection but asked that Thomas obtain a court order for a permanent move.

Out of an abundance of caution, because the move is not a temporary visit but contemplated to be a permanent relocation, Thomas now asks the Court for an order approving Thomas to relocate his supervision to the Northern District of Texas. Thomas would benefit from and desperately needs to be permitted to reside in the Northern District of Texas permanently to accept a job offer there and to be able to have physical shelter and avoid homelessness.

The Pretrial Services Officer in Michigan appears agreeable to the change but notes that an order by the Court is required:

Ms. Jarois noted in an email to Isaac Thomas (attached as **EXHIBIT A**):

> Mr. Thomas advised me earlier this week that he has plans to relocate to Texas come August. I notified the District of Columbia as they maintain jurisdiction of the case, and his supervision would need to be transferred to Texas. This is the response I received:
>
>> "If the defendant wishes to move we will need an address where he is attending to move prior to approval. Once an address is determined his attorney must request a modification in his conditions to reflect the new district, in place of Michigan. This must be done prior to him moving."
>
> Any further questions about what is required I would suggest be submitted to the District of Columbia Pretrial officer.

In Michigan, Thomas was physically unable to remain at his apartment in Michigan, and he had nowhere else to live. Thomas was evicted with $830 owing at the date of judgment. The Clerk's entry regarding the eviction judgment is attached as **EXHIBIT B**. He then paid the

outstanding balance but was $80 short of being able to redeem and continue the lease. He also reports that the landlord seemed to not be open to working with him due to adverse publicity about his pending legal case.

Thomas lost his job due to people harassing his employer and the doxing and harassment he was targeted with concerning the events of January 6th. Thomas has no reason to assume that such harassment would not continue if he stayed in that area. Thomas then worked doing food deliveries by car to make money.

As an orphan, he has no family and no support network or contacts in Michigan to assist him with food, clothing or shelter. He was also extremely concerned he would be unable to stay in touch with his attorneys or the court if he had no place to live and no job to keep his phone in service.

Fortunately, however, he has been offered a job in the countryside to the north of Dallas, Texas, doing groundskeeping and maintenance for that company's residential clients. Separately, through supportive contacts, he has been offered the use of a car and an immediate residential place to stay while starting up with this new employment and getting on his feet financially and being able to pay for those necessities.

Thomas was simply unable to remain in his Michigan residence and was facing imminent homelessness. He now very respectfully requests approval to remain in Texas. If this is not permitted, he will simply have nowhere to live.

Thomas has discussed these matters extensively with his Pretrial Services Officer over the last few weeks, leading to the current situation of needing to obtain a formal order of the Court to approve the transfer.

Thomas – with notice to Pretrial Services in compliance with the Condition of Release –

visited the proposed job and residence in Texas commencing on July 29, 2023. Thomas found that some work was needed at the residence including the toilet needing to be repaired. He met with the proposed employer and was confirmed and hired for a job there.

Thomas also searched for and located a mental health medical practice in Texas to have a mental health evaluation as ordered by the Court. (**EXHIBIT C**). Thomas completed the evaluation and provided the information to his Pretrial Services Officer Ms. Jarois. To the best of Thomas' understanding, he has completed all the actions the Court ordered and/or Pretrial Services requested. Thomas has kept Ms. Jarois fully informed and provided the required medical releases. (**EXHIBITS D, E, F & G**).

Defendant Thomas, by counsel, thus respectfully requests that the Court order that his supervision may be transferred from the Eastern District of Michigan to the Northern District of Texas, where he will reside at an address to be submitted under seal, so that he may accept the job in Texas, accept the residence location offered near there, and reside there permanently.

Dated: August 5, 2023    Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant Thomas*

**CERTIFICATE OF SERVICE**

I hereby certify that I uploaded this document to the Court's electronic filing system, which thereby serves all parties, including:

>MATTHEW M. GRAVES, Esq.
>United States Attorney
>
>ADAM M. DREHER, Esq.
>Assistant United States Attorney
>601 D. St. N.W.
>Washington, D.C. 20530
>(202) 252-1706
>adam.dreher@usdoj.gov
>
>Stephen F. Brennwald, Esq.
>BRENNWALD & ROBERTSON, LLP
>922 Pennsylvania Avenue, SE
>Washington, DC 20003
>(301) 928-7727
>(202) 544-7626 (fax)
>sfbrennwald@cs.com
>Attorney for co-Defendant Legros

>/s/ John M. Pierce
>John M. Pierce